DANIEL L. WARSHAW (Bar No. 185365)
    dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
    bpouya@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone:  (818) 788-8300
Facsimile:   (818) 788-8104

DOUGLAS A. MILLEN (*pro hac vice*)
    dmillen@fklmlaw.com
ROBERT J. WOZNIAK (*pro hac vice*)
    rwozniak@fklmlaw.com
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Telephone:  (224) 632-4500
Facsimile:   (224) 632-4521

Additional Counsel Listed on Signature Page

*Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| IN RE: THE HONEST COMPANY, INC., SODIUM LAURYL SULFATE (SLS) MARKETING AND SALES PRACTICES LITIGATION | Case No. 2:16-ML-02719 AB (RAOx) |
| | **CLASS ACTION** |
| | **FIRST CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Judge:  Hon. André Birotte Jr. |

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

873217.2

1   Plaintiffs Staci Seed, Margo Smith, Amy Glover, Alvaro Alhadeff, Mario

2   Aliano, Alan Klarik, Monica Gomez, Michael Cesarini, Julie Sanchez and Tiffanie

3   Woodward ("Plaintiffs"), individually and on behalf of all similarly situated

4   residents of the United States, bring this class action against The Honest Company,

5   Inc., and allege as follows:

6   ## INTRODUCTION

7   1.      This case concerns three products marketed, distributed, and sold by

8   The Honest Company, Inc. ("Honest" or "Defendant"):  Honest Laundry Detergent,

9   Honest Dish Soap, and Honest Multi-Surface Cleaner (collectively, "the SCS

10   Products").  Honest broadly advertises its mission to produce and sell products that

11   are natural and free of harmful chemicals.  In furtherance of this mission, it

12   specifically represents to the consuming public that the SCS Products do not contain

13   one such chemical, sodium lauryl sulfate ("SLS"), a known skin irritant.  It makes

14   these representations in various ways calculated to take advantage of consumers'

15   trust – initially stating that the SCS Products are "Honestly Free of SLS" on the

16   product labels or "Honestly made without SLS."   These misleading label claims

17   were also disseminated on Honest's Internet blog posts, its official company and

18   third party websites, and via the Instagram and Twitter accounts of its co-founders.

19   Critically, these representations are false and misleading; each of the SCS Products

20   contains SLS, in concentrations of up to 14%.

21   2.      Honest states that the SCS Products contain sodium coco sulfate

22   ("SCS"), a "coconut based cleanser" that is a "gentler alternative" to harsh

23   chemicals like SLS.  This is misleading as it is a scientific fact that SCS contains a

24   significant amount of SLS.  Honest is thereby deceiving customers by representing

25   that they can avoid SLS by using the SCS formulation in the SCS Products, and is

26   charging a premium for the ostensibly safer SCS Products.  Through this action,

27   Plaintiffs and the putative Class seek to stop this deception, and recover damages

28   caused by it.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**PARTIES**

3.      Plaintiff Staci Seed purchased one or more SCS Products within the applicable statutory period for the claims set forth herein.  Ms. Seed relied on Defendant's misleading labeling, packaging, and marketing in her decisions to purchase the SCS Products.  Were it not for Defendant's misleading labeling, packaging, and marketing, Ms. Seed would not have purchased or paid as much for the SCS Products.

4.      Plaintiff Margo Smith purchased one or more SCS Products within the applicable statutory period for the claims set forth herein.  Ms. Smith relied on Defendant's misleading labeling, packaging, and marketing in her decisions to purchase the SCS Products.  Were it not for Defendant's misleading labeling, packaging, and marketing, plaintiff would not have purchased or paid as much for the SCS Products.

5.      Plaintiff Amy Glover purchased one or more SCS Products within the applicable statutory period for the claims set forth herein.  Ms. Glover relied on Defendant's misleading labeling, packaging, and marketing in her decisions to purchase the SCS Products.  Were it not for Defendant's misleading labeling, packaging, and marketing, plaintiff would not have purchased or paid as much for the SCS Products.

6.      Plaintiff Alvaro Alhadeff purchased one or more SCS Products within the applicable statutory period for the claims set forth herein.  Mr. Alhadeff relied on Defendant's misleading labeling, packaging, and marketing in his decisions to purchase the SCS Products.  Were it not for Defendant's misleading labeling, packaging, and marketing, plaintiff would not have purchased or paid as much for the SCS Products.

7.      Plaintiff Mario Aliano purchased one or more SCS Products within the applicable statutory period for the claims set forth herein.  Mr. Aliano relied on Defendant's misleading labeling, packaging, and marketing in his decisions to

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   purchase the SCS Products.  Were it not for Defendant's misleading labeling,

2   packaging, and marketing, plaintiff would not have purchased or paid as much for

3   the SCS Products.

4           8.      Plaintiff Alan Klarik purchased one or more SCS Products within the

5   applicable statutory period for the claims set forth herein.  Mr. Klarik relied on

6   Defendant's misleading labeling, packaging, and marketing in his decisions to

7   purchase the SCS Products.  Were it not for Defendant's misleading labeling,

8   packaging, and marketing, plaintiff would not have purchased or paid as much for

9   the SCS Products.

10          9.      Plaintiff Monica Gomez purchased one or more SCS Products within

11  the applicable statutory period for the claims set forth herein.  Ms. Gomez relied on

12  Defendant's misleading labeling, packaging, and marketing in her decisions to

13  purchase the SCS Products.  Were it not for Defendant's misleading labeling,

14  packaging, and marketing, plaintiff would not have purchased or paid as much for

15  the SCS Products.

16         10.     Plaintiff Michael Cesarini purchased one or more SCS Products

17  within the applicable statutory period for the claims set forth herein.  Mr. Cesarini

18  relied on Defendant's misleading labeling, packaging, and marketing in his

19  decisions to purchase the SCS Products.  Were it not for Defendant's misleading

20  labeling, packaging, and marketing, plaintiff would not have purchased or paid as

21  much for the SCS Products.

22         11.     Plaintiff Julie Sanchez purchased one or more SCS Products within

23  the applicable statutory period for the claims set forth herein.  Mr. Sanchez relied on

24  Defendant's misleading labeling, packaging, and marketing in her decisions to

25  purchase the SCS Products.  Were it not for Defendant's misleading labeling,

26  packaging, and marketing, plaintiff would not have purchased or paid as much for

27  the SCS Products.

28         12.     Plaintiff Tiffanie Woodward purchased one or more SCS Products

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    within the applicable statutory period for the claims set forth herein. Ms.

2    Woodward relied on Defendant's misleading labeling, packaging, and marketing in

3    her decisions to purchase the SCS Products. Were it not for Defendant's misleading

4    labeling, packaging, and marketing, plaintiff would not have purchased or paid as

5    much for the SCS Products.

6         13.    Defendant The Honest Company, Inc. is a Delaware corporation

7    headquartered in Los Angeles, California. Honest markets and sells a variety of

8    consumer care products, including the SCS Products, both online and in numerous

9    brick and mortar stores, including major retail outlets throughout the United States.

10        14.    Honest was established in 2011 by co-founders Jessica Alba and

11   Christopher Gavigan. The company promotes its consumer products, which include

12   diapers, baby wipes, soaps, detergents, lotions, household cleaners, and vitamins, as

13   safe, eco-friendly, and non-toxic. According to a May 2015 Forbes article: "Safety

14   sells. The Honest Company has experienced an absurd level of growth. In 2012, its

15   first year selling products, it hit $10 million in revenue. By [2014] it was $150

16   million, and industry insiders are predicting over $250 million [in 2015]."[1]

17                    **JURISDICTION AND VENUE**

18        15.    This Court has jurisdiction over this action under the Class Action

19   Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual Class

20   members exceed the sum or value of $5,000,000, exclusive of interests and costs,

21   and certain Plaintiffs and other members of the putative Class are citizens of States

22   different from Defendant.

23        16.    This Court has personal jurisdiction over Honest because Honest has

24   its principal place of business in California.

25   _____

26   [1] http://www.forbes.com/sites/clareoconnor/2015/05/27/how-jessica-alba-built-a-1-
     billion-company-and-200-million-fortune-selling-parents-peace-of-

27   mind/#7f3e283d1f0c.

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

17.     Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.  Moreover, on August 8, 2016, the Judicial Panel on Multidistrict Litigation ordered that the related actions in the above referenced multidistrict litigation be consolidated and transferred to this District pursuant to 28 U.S.C. § 1407.  On or about January 25, 2017, pursuant to a stipulation of the parties, the Court ordered the Plaintiffs' actions to be consolidated in the above referenced action.

18.     A venue affidavit pursuant to California Civil Code § 1780(d) was filed upon commencement of her action by counsel for Plaintiff Staci Seed.

## FACTUAL ALLEGATIONS

19.     On information and belief, since at least 2011, Honest at all times has marketed, and continues to market the SCS Products as SLS-free.

20.     Honest states on its website and in various marketing materials that SLS is an ingredient that it will never consider for use in any of its products.

21.     On information and belief, Honest has spent millions of dollars marketing its own brand, including the SCS Products that claim to be SLS-free.

22.     Honest's marketing campaign has been continuous, through multiple forms, and disseminated through myriad forms of media, including print, television advertisements and appearances, social media (e.g., Instagram, Twitter, Facebook, and Pinterest), Honest's website, and multiple third-party websites.

23.     All of the SCS Products' names are preceded by the word "honest" and include "The Honest Co." trademark.

24.     Honest promotes its "Honestly FREE Guarantee" which states: "…we created our Honestly FREE Guarantee — a core commitment we make to you and your children.  And, it's another way for us to be Honest — educating, empowering and inspiring people to make better choices for their health and families.  Providing clear, credible, transparent information.  No smoke and mirrors.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

No confusion."  (Emphasis added).[2]

25.     Through the "Honestly FREE Guarantee," Honest markets to and plays on consumers' fears of exposing themselves and their children to harsh or dangerous chemicals by stating how safe its products are and "our children are worth it."

26.     Honest claims to be "über-vigilant to the latest science."  (Emphasis in original).

27.     Honest claims to be "hyper-attentive to staying abreast of the latest science, actively consulting our medical advisory panel, conducting chemical safety profiling, referring to green chemistry reports, adapting to new international standards and examining credible lists of unacceptable ingredients (like the International Chemical Secretariat's Substitute It Now list).  And should any new regulations, studies or real risks become apparent and concerning to us or our community, we quickly assess the data, modify our approach and immediately update our formulation (that's how we roll)!"

28.     An important part of Honest's marketing has been its representation that its products are SLS-free.  Honest published a blog post on its website about the dangers of products containing SLS (all emphasis in original):

> **Ingredient:**
>
> These are actually **two different, but closely related, chemicals**:
> Sodium Lauryl Sulfate (SLS) and Sodium Laureth Sulfate (SLES).
>
> **What they are:**
> Sodium lauryl sulfate can be made from petroleum oil (via the OXO

---

[2] https://www.honest.com/about-us/honestly-free-guarantee (source for quoted language in ¶¶ 17-20).

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

process) or from coconut or palm oil (via the Ziegler process).  In both processes, fatty acids are extracted and converted to fatty alcohols, then sulfonated to become a crystalline salt.  If SLS undergoes a chemical process called "ethoxylation," it becomes SLES.

**What they do:**

Both of these chemicals are used in products primarily as **emulsifiers (to help keep all ingredients properly mixed up)** and **surfactants (to help clean and create lather)**.  They can be found in shampoos, toothpastes, mouthwashes, body washes, soaps, detergents, and more.

**Why we're featuring them today:**

For many years, SLS was the star surfactant in skincare products, despite being **a known irritant**.  This is so well-known, in fact, that it's **commonly used in lab testing to intentionally harm skin**.  Following application, scientists can compare the effects of untested products against SLS or test the efficacy of products intended to heal skin.

Widespread concern over the past few years compelled many companies to look for a gentler alternative.  Putting SLS through the ethoxylation process led to the creation of SLES, a milder surfactant; it also often **produces 1, 4-dioxane, a toxic contaminant and likely carcinogen**.  Though the U.S. Food and Drug Administration recommends that companies strip out this nasty chemical, it's not a requirement.  That's likely why

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**independent testing conducted by the EWG found this contaminant in 46% of products tested**.

SLS and SLES are both included in our Honestly Free Guarantee which means we'll never use them. We've switched over to sodium coco sulfate (SCS), which is a gentler alternative always derived from coconut.

**Want your home to be Honestly Free of SLS & SLES?**
It's as simple as reading your ingredient labels. **Avoid anything that lists the following: SLS, SLES, sodium lauryl sulfate, sodium dodecyl sulfate, sodium laureth sulfate, or sodium lauryl ether sulfate**. (There are actually even more names for these two ingredients, but the ones above are most commonly used in the marketplace.)

Be aware: Many brands that claim to be "natural," "green," or "eco-friendly" still use these ingredients, so read carefully! If it's a company you love, **ask them to use a safer alternative**. Together, we can make it better…[3]

29.     Honest states that the SCS Products contain Sodium Coco Sulfate ("SCS"), which Honest claims is "gentler" than SLS. However, SCS is chemical mixture which is largely comprised of SLS. Thus, listing SCS as an ingredient while claiming to be SLS-free is false and scientifically indefensible.

---

[3] https://blog.honest.com/what-is-sodium-lauryllaureth-sulfate/ (emphasis in original).

30.    "From the typical fatty acid composition of coconut oil (Table 1 below) sodium coco sulfate would be about 66% sodium lauryl sulfate. [50/(50+16+8+2)]. The proportion of lauryl sulfate in sodium coco sulfate is not strictly defined.[4]

**Table 1.**
**Typical fatty acid composition of coconut oil**

| Fatty acid | % | nomenclature |
|---|---|---|
| Caprylic Acid | 8 | 8:0 |
| Capric Acid | 8 | 10:0 |
| Lauric Acid | 50 | 12:0 |
| Myristic Acid | 16 | 14:0 |
| Palmitic Acid | 8 | 16:0 |
| Stearic Acid | 2 | 18:0 |
| Oleic Acid | 5 | 18:1 |
| Linoleic Acid | 2 | 18:2 |

31.    The SCS contained in Honest's SCS Products is a blend of sulfates, one of which is SLS.  Instead of honestly listing all of the SCS component sulfates as ingredients, Honest merely identifies SCS, and falsely represents the SCS Products as SLS-free.

32.    Other manufacturers that use SCS in products similar to the Honest SCS Products do not claim to be SLS-free, and this drives consumers who seek to avoid SLS to purchase the Honest SCS Products.

33.    During the relevant time period, each of the Plaintiffs purchased one or more SCS Products.  In making the decision to purchase the SCS Products, Plaintiffs saw and relied on Honest's representations that the products were free of SLS.

34.    Based on Honest's representations that the SCS Products were SLS-free, Plaintiffs and members of the proposed class paid a premium for the SCS

---

[4] *See* http://www.hebebotanicals.co.nz/sodium-coco-sulfate-another-synthetic-detergent/.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  Products over and above comparable products that did not claim to be SLS-free.

2      35.      Rather than receiving products free of SLS in exchange for paying

3  this price premium, however, Plaintiffs and class members received products that in

4  fact contained SLS.

5      36.      During their investigation of this lawsuit, Plaintiff Staci Seed's

6  counsel had independent laboratory testing performed on the SCS Products.

7      37.      In these laboratory tests conducted in early February 2016, the SCS

8  Products were analyzed using high pressure liquid chromatography (HPLC), which

9  showed that the SCS Products contain significant percentages of SLS.

10      38.      In addition, also in laboratory tests conducted in early February 2016,

11  the SCS Products were analyzed using liquid chromatography with mass

12  spectroscopy (LC-MS), which further confirmed the presence of SLS.

13      39.      On March 10, 2016, as the first of these consolidated lawsuits was

14  being prepared, The Wall Street Journal published an article entitled, "Laundry

15  Detergent From Jessica Alba's Honest Co. Contains Ingredient It Pledged to

16  Avoid," reporting that two independent lab tests confirmed the presence of SLS in

17  Honest Laundry Detergent, thereby corroborating the lab testing conducted by

18  Plaintiff Staci Seed's counsel in February 2016.

19      40.      SLS can cause irritation of the scalp, gums, and skin at just a 1%

20  concentration, and in some people the reaction can be quite strong.  Higher

21  concentrations have been shown to cause severe irritation and even corrosion of the

22  skin.

23      41.      The "SLS Free" claim for the SCS Products is merely a marketing

24  ploy by Honest and is not scientifically defensible.

25  **Honest Laundry Detergent**

26      42.      Honest Laundry Detergent's product packaging and website stated

27  and continues to state that it contains SCS and is SLS-free.

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

43.     The following excerpted screenshot appeared on the Honest website on January 29, 2016:



44.     The following excerpted screenshot appeared on the Honest website on January 29, 2016, stating that Honest Laundry Detergent contained SCS:



PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403



**INGREDIENTS:**

Purified Water, Cocamidopropyl Betaine (Coconut-Based Cleanser), Sodium Coco Sulfate (Coconut-Based Cleanser), Oxide (Coconut-Based Cleanser), Phenoxyethanol (pH-Sensitive Preservative), Methylisothiazolinone (Preservative), E

45.     By consistently and systematically labeling and marketing Honest Laundry Detergent as SLS-free through the Class Period, Honest intended that all members of the consuming public purchasing Honest Laundry Detergent would be exposed to those marketing claims.

**Honest Dish Soap**

46.     Honest Dish Soap product packaging and website stated and continues to state that it contains SCS and is SLS-free.

47.     The following excerpted screenshot appeared on the Honest website on January 29, 2016:



PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

873217.2

FIRST CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

48.     The following excerpted screenshots appeared on the Honest website on January 29, 2016, stating that Honest Dish Soap was free of SLS:





made without: SLS, SLES, caustics

49.     The following excerpted screenshot appeared on the Honest website on January 29, 2016, stating that Honest Dish Soap contained SCS:

details & ingredients

Available in 3 scents: Lavender, Lemon Verbena, and White Grapefruit

26.5 fl. oz.

**LAVENDER**

Water, Sodium Coco Sulfate (Coconut-Based Cleanser),  Lauryl Glucoside, Acid, Sodium Benzoate (Naturally Derived Stabilizer), Lavandula Officinalis

**LEMON VERBENA**

Water, Sodium Coco Sulfate (Coconut-Based Cleanser), Lauryl Glucoside, Acid, Sodium Benzoate (Naturally Derived Stabilizer), Citrus Medica Limon

**WHITE GRAPEFRUIT**

Water, Sodium Coco Sulfate (Coconut-Based Cleanser), Lauryl Glucoside, Acid, Sodium Benzoate (Naturally Derived Stabilizer), Citrus Paradisi (White

50.     By consistently and systematically labeling and marketing Honest Dish Soap as SLS-free through the Class Period, Honest intended that all members of the consuming public purchasing Honest Dish Soap would be exposed to those marketing claims.

**Honest Multi-Surface Cleaner**

51.     Honest Multi-Surface Cleaner product packaging and website stated and continues to state that it contains SCS and is SLS-free.

52.     The following excerpted screenshot appeared on the Honest website on January 29, 2016:



PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

53.     The following excerpted screenshots appeared on the Honest website on January 29, 2016, stating that Honest Multi-Surface Cleaner was free of SLS:





made without: ammonia, SLS, SLES,

54.     The following excerpted screenshot appeared on the Honest website on January 29, 2016, stating Honest Multi-Surface Cleaner contained SCS:

**details & ingredients**

White Grapefruit
26 fl. oz. (769 mL)

**INGREDIENTS:**

Purified Water, Sodium Coco Sulfate (Coconut-Based Cleanser), Preservative), Citrus Grandis Oil (N.O.P. Certified Organic Grape From Corn Sugars), Methylisothiazolinone (Preservative)

55.     By consistently and systematically labeling and marketing Honest Multi-Surface Cleaner as SLS-free through the Class Period, Honest intended that all members of the consuming public purchasing Honest Multi-Surface Cleaner would be exposed to those marketing claims.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## **RULE 9(b) ALLEGATIONS**

56.     Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To the extent necessary, as detailed in the paragraphs above and below, Plaintiffs have satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

57.     WHO:  Honest made material misrepresentations and omissions of fact in the labeling, packaging, and marketing of the Honest Products.

58.     WHAT:  Honest made material misrepresentations and omissions of fact by using the terms "honestly FREE guarantee" and "Honestly Free of SLS" in the labeling, packaging, and marketing of the SCS Products.  Defendant made these claims with respect to the SCS Products even though the SCS Products did not meet the requirements to make such claims.  Defendant's misrepresentations and omissions were material because a reasonable consumer would not have purchased or paid as much for the SCS Products if Plaintiffs knew that they contained false representations.

59.     WHEN: Honest made the material misrepresentations and omissions detailed herein continuously throughout the Class Period.

60.     WHERE:  Honest's material misrepresentations and omissions were made, *inter alia*, on the labeling and packaging of the SCS Products, on Defendant's website (www.honest.com), and through Honest's various other marketing and advertising materials.

61.     HOW:  Honest made written misrepresentations and failed to disclose material facts on the labeling and packaging of the SCS Products and on its website and other advertising.

62.     WHY:  Honest engaged in the material misrepresentations and omissions detailed herein for the express purpose of inducing Plaintiffs and other

873217.2

17

reasonable consumers to purchase and/or pay a premium for Defendant's SCS Products based on the belief that they were "Honestly Free of SLS" and the "Honestly FREE guarantee." Defendant profited by selling the SCS Products to millions of unsuspecting consumers nationwide, capitalizing on the growing demand for eco-friendly consumer products.

## CLASS ACTION ALLEGATIONS

63.     Plaintiffs bring this action individually and on behalf of the following Class pursuant to Rule 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure:

> All United States residents who purchased, and did not subsequently return Honest Laundry Detergent, Honest Dish Soap, and/or Honest Multi-Surface Cleaner for personal use and not for resale at any time between January 17, 2012 and the present ("Class Period").

64.     Plaintiffs reserve the right to redefine the Class prior to certification.

65.     Excluded from the Class are Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

66.     This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, typicality,  adequacy, predominance, and superiority requirements of those provisions.

67.     The Class is so numerous that the individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiffs believe that the total number of Class members is in the thousands and that members of the Class are geographically dispersed across the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.

68.     Common questions of law and fact exist as to all members of the Class, and these common questions predominate over any questions affecting only

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   individual members of the Class.  These common legal and factual questions, which

2   do not vary from Class member to Class member, and which may be determined

3   without reference to the individual circumstances of any Class member include, but

4   are not limited to, the following:

5           a.    Whether the SCS Products contained SLS;

6           b.    Whether it is accurate to state that SCS does not contain SLS;

7           c.    Whether it is accurate to state that SCS is a "gentler

8   alternative" to SLS;

9           d.    Whether it is accurate to state that SCS is a "safer alternative"

10   to SLS;

11           e.    Whether Honest's labeling, packaging, and marketing of the

12   SCS Products was false and/or misleading;

13           f.    Whether Honest's labeling, packaging, and marketing of the

14   SCS Products constitutes a violation of California's false advertising law (Cal.

15   Bus. & Prof. Code §§ 17500, *et seq.*);

16           g.    Whether Honest's labeling, packaging, and marketing of the

17   SCS Products constitutes a violation of the Consumers Legal Remedies Act (Cal.

18   Civ. Code §§ 1750, *et seq.*);

19           h.    Whether Honest's conduct constitutes an unfair, unlawful,

20   and/or fraudulent business practice in violation of California's unfair competition

21   law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*);

22           i.    Whether Plaintiffs and the Class are entitled to compensatory

23   damages, and if so, the nature of such damages;

24           j.    Whether Plaintiffs and the Class are entitled to restitutionary

25   relief; and

26           k.    Whether Plaintiffs and the Class are entitled to injunctive relief.

27       69.    Plaintiffs' claims are typical of the claims of the members of the

28   Class. Plaintiffs and all members of the Class have been similarly affected by

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Defendant's common course of conduct since they were all exposed to Defendant's representations concerning the SCS Products and purchased one or more of the SCS Products based on those representations.

70.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience handling complex class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

71.     A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the Class is impracticable.  Even if individual members of the Class had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.   The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

72.     This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief respecting the class as a whole.

73.     This action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the common questions of law and fact identified above, without limitation, predominate over any questions affecting only individual

1   members, and a class action is superior to other available methods for the fair and

2   efficient adjudication of this controversy.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

### (CAL. CIV. CODE §§ 1750, ET SEQ.)

### (Plaintiffs and the Class Against Defendant)

7   74.   Plaintiffs repeat the allegations contained in the foregoing paragraphs

8   as if fully set forth herein.

9   75.   Plaintiffs and each proposed Class member is a "consumer," as that

10  term is defined in Cal. Civ. Code § 1761(d).

11  76.   The Honest Products are "goods," as that term is defined in Cal. Civ.

12  Code § 1761(a).

13  77.   Defendant is a "person," as that term is defined in Cal. Civ. Code §

14  1761(c).

15  78.   Plaintiffs' and each proposed Class Member's purchase of the Honest

16  Products constituted a "transaction," as that term is defined in Cal. Civ. Code §

17  1761(e).

18  79.   Defendant's conduct alleged herein violates the following provisions

19  of the CLRA:

20        a.   Civil Code § 1770(a)(5), by representing that the SCS Products

21  had characteristics, ingredients, uses, and benefits which they do not have;

22        b.   Civil Code §1770(a)(7), by representing that the SCS Products

23  were of a particular standard, quality, or grade, when they were of another;

24        c.   Civil Code § 1770(a)(9), by advertising goods with intent not to

25  sell them as advertised;

26        d.   Civil Code § 1770(a)(16), by representing that the SCS

27  Products have been supplied in accordance with previous representations when

28  they have not.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

873217.2

21

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

80.     As a direct and proximate result of these violations, Plaintiffs and the Class have been harmed, and that harm will continue unless Honest is enjoined from representing that the SCS Products are SLS-free.

81.     On March 16, 2016, counsel for Plaintiff Staci Seed and the proposed Class provided Defendant with written notice (via Certified Mail, Return Receipt Requested) that its conduct is in violation of the CLRA.  Defendant did not comply with the written notice and thirty days have passed since provision of the notice. Therefore Plaintiffs and the Class are entitled to damages pursuant to California Civil Code § 1782.

82.     Plaintiffs seek an award of attorney's fees pursuant to, *inter alia*, Cal. Civ. Code §1780(e) and Cal. Code Civ. Proc. § 1021.5.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION
### (Plaintiffs and the Class Against Defendant)

83.     Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

84.     During the Class Period, Defendant represented to consumers through the labeling, packaging, and marketing of the SCS Products that the products were SLS-free.  Defendant made these representations knowing that such claims would be material to a reasonable consumer's purchasing decision.

85.     Defendant's representations that the SCS Products were SLS-free were false because the SCS Products, in fact, contained SLS.

86.     Defendant's misrepresentations regarding the health, characteristics, composition, and quality of the SCS Products were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume the SCS Products.

87.     Defendant's material misrepresentations concerning the health, characteristics, composition, and quality of the SCS Products were false and made

1 without reasonable grounds for believing them to be true.

2     88.    Defendant made material misrepresentations concerning the health,

3 characteristics, composition, and quality of the SCS Products with the intent to

4 induce Plaintiffs and the Class to purchase the SCS Products.

5     89.    Plaintiffs and the Class reasonably and materially relied on

6 Defendant's material misrepresentations in choosing to purchase the SCS Products.

7     90.    As a direct and proximate result of Defendant's conduct, Plaintiffs

8 and the Class have incurred damages in an amount to be proven at trial.

9 **THIRD CLAIM FOR RELIEF**

10 **VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

11 **(CAL. BUS. & PROF. CODE §§ 17500, ET SEQ.)**

12 **(Plaintiffs and the Class Against Defendant)**

13     91.    Plaintiffs repeat the allegations contained in the foregoing paragraphs

14 as if fully set forth herein.

15     92.    Plaintiffs suffered the loss of money as a result of the false

16 advertising alleged herein. Plaintiffs would not have spent their money on the three

17 challenged products if Honest had honestly advertised them.

18     93.    Defendant's actions as described herein constitute unfair competition

19 within the meaning of the False Advertising Law ("FAL") insofar as Defendant has

20 disseminated untrue and/or misleading representations in connection with the sale of

21 the SCS Products.

22     94.    Defendant has engaged in and continues to engage in false advertising

23 in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq*., by making the untrue

24 and/or misleading representations concerning the health, characteristics,

25 composition, and quality of the Honest Products alleged above, without having any

26 reasonable basis for doing so. Plaintiffs are informed and believe and thereon allege

27 that Defendant has intentionally falsely labeled and advertised the SCS Products as

28 "Honestly Free of SLS." Reasonable consumers purchased the Honest Products

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  upon the belief that they were "Honestly Free of SLS."

2      95.     As a direct and proximate result of Defendant's violation of the FAL,

3  Plaintiffs and the Class have suffered injury in fact and have suffered economic

4  harm by losing money as a result of purchasing the Honest Products.

5      96.     Defendant's wrongful business practices constitute a continuing

6  course of conduct of false advertising since Defendant is continuously marketing

7  and selling the Honest Products in a manner likely to deceive the public.  Plaintiffs

8  and the Class seek an order of this Court enjoining Defendant from continuing to

9  engage in the false advertising set forth in this Complaint.

10     97.     As a direct and proximate result of Defendant's false advertising, as

11 set forth herein, Defendant has received money that properly belongs to Plaintiffs

12 and the Class.  Therefore, Plaintiffs and the Class request restitution of these

13 amounts.

14     98.     Plaintiffs should further be awarded attorneys' fees pursuant to, *inter*

15 *alia*, Cal. Code Civ. Proc. § 1021.5.

16 **FOURTH CLAIM FOR RELIEF**

17 **UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES**

18 **(CAL. BUS. & PROF. §§ 17200 ET SEQ.)**

19 **(Plaintiffs and the Class Against Defendant)**

20     99.     Plaintiffs repeat the allegations contained in the foregoing paragraphs

21 as if fully set forth herein.

22     100.    Plaintiffs suffered the loss of money as a result of the unfair business

23 practices alleged herein.  Plaintiffs spent money they would not have spent as a

24 result of Honest's unfair competition.

25     101.    Defendant's actions as described herein constitute unfair competition

26 within the meaning of California's Unfair Competition Law ("UCL"), insofar as the

27 UCL prohibits "any unlawful, unfair or fraudulent business act or practice" or

28 "unfair, deceptive, untrue or misleading advertising."

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

102.    Defendant's misrepresentations and omissions of material fact as alleged herein constitute unlawful, unfair, and fraudulent business practices in that they deceived Plaintiffs and the Class into believing that the SCS Products were "Honestly Free of SLS."

103.    Defendant's conduct constitutes an "unlawful" business practice within the meaning of the UCL because it violates the CLRA and FAL.

104.    Defendant's conduct constitutes an "unfair" business practice within the meaning of the UCL because it is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.  Reasonable consumers purchased the Honest Products believing the truth of Honest's representations concerning their composition. These consumers were not aware, and could not have reasonably been aware, that the SCS Products were falsely labeled as "Honestly free of SLS." Defendant's conduct in falsely labeling and packaging the Honest Products and selling them as such has no utility or countervailing benefit and consumers could not have reasonably avoided their injury.

105.    Defendant's conduct constitutes a "fraudulent" business practice within the meaning of the UCL insofar as Defendant's misrepresentations and omissions regarding the health, characteristics, composition, and quality of the Honest Products were and are likely to deceive members of the public.

106.    As a direct and proximate result of Defendant's wrongful business practices in violation of the UCL, Plaintiffs and Class members have suffered injury in fact and lost money or property as a result of purchasing the SCS Products. Plaintiffs and Class members would not have purchased nor paid as much for the SCS Products had they known the truth about their claims.

107.    Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition since Defendant is labeling, marketing, and selling the Honest Products in a manner likely to deceive the public.

108.    Pursuant to California Business and Professions Code § 17203,

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Plaintiffs and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, and fraudulent business practices and any other act prohibited by law, including those set forth in this Complaint. Plaintiffs and the Class also seek an order requiring Defendant to make full restitution of all moneys it wrongfully obtained from Plaintiffs and the Class.

109.    Plaintiffs should further be awarded attorneys' fees pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5.

### FIFTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
### (Plaintiffs and the Class Against Defendant)

110.    Plaintiffs and the Class incorporate the foregoing allegations as if fully set forth herein.

111.    Honest expressly warranted that the SCS Products were "SLS-free".

112.    This representation was part of the basis of the bargain when Plaintiffs and the Class purchased the SLS products.

113.    Honest breached this warranty by including SLS in the SCS products.

114.    Plaintiff Staci Seed notified Honest of the breach of warranty by letter dated March 16, 2016, but the matter has not been resolved since then.

115.    Plaintiffs and the Class have been damaged by Honest's breach of warranty, in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the Class pray for relief and judgment against Defendant, as follows:

1.      For an order certifying the Class and appointing Plaintiffs as Class Representatives and their counsel as Class Counsel;

2.      For damages suffered by Plaintiffs and the Class;

3.      For restitution to Plaintiffs and the Class of all monies wrongfully obtained by Defendant;

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    4.    For injunctive relief requiring Defendant to cease and desist from

2  engaging in the unlawful, unfair, and/or deceptive practices alleged in the

3  Complaint;

4    5.    For Plaintiffs' reasonable attorneys' fees, pursuant to, *inter alia*, Cal.

5  Civ. Code § 1780(e) and Cal. Code Civ. Proc. § 1021.5;

6    6.    For Plaintiffs' costs incurred;

7    7.    For pre-judgment and post-judgment interest at the maximum

8  allowable rate on any amounts awarded; and

9    8.    For such other and further relief that this Court deems just and proper.

10                    **<u>DEMAND FOR JURY TRIAL</u>**

11    Plaintiffs hereby demand a trial by jury of all claims and causes of action so

12  triable in this lawsuit.

13

14  DATED: May 31, 2017                **PEARSON, SIMON & WARSHAW, LLP**

15

16                    By:    */s/ Daniel L. Warshaw*

17                            DANIEL L. WARSHAW

18                    DANIEL L. WARSHAW (Bar No. 185365)
                        dwarshaw@pswlaw.com
19                    BOBBY POUYA (Bar No. 245527)
                        bpouya@pswlaw.com
20
21                    **PEARSON, SIMON & WARSHAW, LLP**
                      15165 Ventura Boulevard, Suite 400
22                    Sherman Oaks, California 91403
                      Telephone:  (818) 788-8300
23                    Facsimile:    (818) 788-8104

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

873217.2

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOUGLAS A. MILLEN (*pro hac vice*)
   dmillen@fklmlaw.com
ROBERT J. WOZNIAK (*pro hac vice*)
   rwozniak@fklmlaw.com
**FREED KANNER LONDON
 & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Telephone:  (224) 632-4500
Facsimile:     (224) 632-4521

*Interim Co-Lead Counsel for Plaintiffs and the
Proposed Class*

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

873217.2

FIRST CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT