# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE: THE HONEST COMPANY, INC., SODIUM LAURYL SULFATE (SLS) MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:16-ML-02719 AB (RAOx)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge:  Hon. André Birotte Jr. |

On July 24, 2017, this Court heard plaintiffs Staci Seed, Margo Smith, Amy Glover, Alvaro Alhadeff, Mario Aliano, Alan Klarik, Monica Gomez, Michael Cesarini, Julie Sanchez and Tiffanie Woodward's ("Plaintiffs") motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Settlement Agreement and Release (Dkt. No. 34-1) as modified by Amendment No. 1 to Settlement Agreement and Release (Dkt. No. 39) ("Settlement Agreement"). Based on this review and the findings below, the Court found good cause to grant the motion.[1]

**FINDINGS:**

1. The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

2. The Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, Online Media Notice Plan and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement. Non-substantive changes, such as

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

3. For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

4. For settlement purposes only, Plaintiffs' claims are typical of the Class' claims.

5. For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

6. For settlement purposes only, Plaintiffs and their counsel from the law firms of Pearson, Simon & Warshaw, LLP and Freed Kanner London & Millen LLC, are found to adequately represent the interests of the Class.

7. For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

8. The Honest Company, Inc. ("Honest") filed a copy of the notice it gave June 14, 2017 pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b). *See* Notice (Dkt. No. 42.)

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Publication Notice, Online Media Notice Plan and Claim Form, attached to the Settlement Agreement as Exhibits B-G are preliminarily approved.

2. **Appointment of the Claims Administrator and the Provision of Class Notice**. Dahl Administration, LLC is appointed as the Claims Administrator. Defendant, through the Claims Administrator, will notify Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

3. **Claim for a Settlement Award**. Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a

Claim Form to the Claims Administrator no later than one hundred and five (105) calendar days after the entry of this Order.

   **4.**   **Objection to Settlement**.  Any Class Member who has not submitted a timely written exclusion request pursuant to Paragraph 6 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to the Claims Administrator no later than one hundred and five (105) calendar days after the entry of this Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Claims Administrator.

   a.   <u>Written objections must include: (i) the Action's name, or abbreviation of it, and case number; (ii) the full name and contact information for the person objecting (e.g., email address and/or postal address); (iii) facts regarding the person's status as a Class Member—either (A) the unique identifier supplied by the Claims Administrator in the notice, for persons receiving direct notice under paragraphs 4.2(b)-(c), or (B) a proof of purchase or the approximate date, location and seller where the Class Member purchased the Product, (iv) a statement of each objection, including the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s); (v) a statement whether the objector is represented by an attorney in connection with the objection (even if the objection itself is filed in pro per); and (vi) identification of any other class actions in which the objector or objector's attorney have filed an objection to a class action settlement.  The written objection must be signed and dated, and must include the following language immediately above the signature and date "I declare under penalty of perjury under</u>

the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge."

b. Any Class Member who submits a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."

c. If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted.

d. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written brief, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely objections including Notices of Intention to Appear may speak at the Fairness Hearing.

e. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

     **5.**     **Failure to Object to Settlement.**  Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

     **6.**     **Requesting Exclusion**.  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  To make this election, Class Members must send a letter or postcard to the Claims Administrator postmarked no later than one hundred and five (105) calendar days after entry of this Order stating: (a) the name, or abbreviation thereof, and case number of the Action; (b) the full name, address, email address associated with the Class Member's Honest account (if the Class Member has an Honest account), and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement.

     **7.**     **Provisional Certification**.  The Class is provisionally certified as a class of all persons residing in the United States who purchased, and did not subsequently return, the Products between January 17, 2012 and the entry of this Order.  The term "Products" means: Honest multi-surface cleaner (regular and concentrate), dish soap (regular and concentrate, all scents) and laundry detergent. Excluded from the Class are companies that purchased the Products at wholesale for resale, Defendant's Counsel, Defendant's officers and directors, and the judge presiding over the Action.

     **8.**     **Conditional Appointment of Class Representative and Class Counsel**.  Plaintiffs Staci Seed, Margo Smith, Amy Glover, Alvaro Alhadeff, Mario Aliano, Alan Klarik, Monica Gomez, Michael Cesarini, Julie Sanchez and Tiffanie Woodward are conditionally certified as the class representatives to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firms of

Pearson, Simon & Warshaw, LLP and Freed Kanner London & Millen LLC are conditionally appointed as Interim Co-Lead Class Counsel. Plaintiffs and Interim Co-Lead Class Counsel must fairly and adequately protect the Class' interests.

**9. Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiffs will cease to be appointed as class representatives; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

**10. No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11. Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12. **CAFA Notice.** The Court finds that Honest has complied with 28 U.S.C. § 1715(b).

**13. Motion for Fees, Expenses, or Service Awards:** On or before ninety (90) days after entry of this Order, Plaintiffs shall file their Motion to recover attorneys' fees, litigation expenses, and service awards. Plaintiffs shall be permitted to file a reply to any objections to their request for fees, expenses, or service awards on or before fourteen (14) calendar days before the Fairness Hearing.

**14. Fairness Hearing**. On <u>December 15, 2017, at 9:30 a.m.</u>, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and approval of Plaintiffs' Motion for Fees, Expenses and Incentive Awards. Plaintiffs' motion in support of the Final Order and Judgment shall be filed on or before fourteen (14) calendar days before the Fairness Hearing. This Court may order the Fairness Hearing to be

1  postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be
2  posted on the Settlement Website but other than the website posting the Parties will
3  not be required to provide any additional notice to Class Members.

**IT IS SO ORDERED.**

DATED: August 2, 2017

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE