JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE: THE HONEST COMPANY, INC., SODIUM LAURYL SULFATE (SLS) MARKETING AND SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:16-ML-02719 AB (RAOx)<br><br>**CLASS ACTION**<br>**[PROPOSED] AMENDED JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The Court, having reviewed the Motion for Final Approval of Class Action Settlement between Plaintiffs Staci Seed, Margo Smith, Amy Glover, Alvaro Alhadeff, Mario Aliano, Alan Klarik, Monica Gomez, Michael Cesarini, Julie Sanchez and Tiffanie Woodward ("Plaintiffs") and Defendant The Honest Company ("Honest"), the evidence and argument provided by the parties, and the pleadings and other papers on file in this action, hereby GRANTS final approval to the Class Action Settlement, as detailed below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation and over the parties to the Settlement Agreement.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, adequate, and reasonable to the Class.

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court finds that the Class continues to satisfy the elements of Rule 23(a), (b)(2), and (b)(3). Pursuant to Rule 23(g), the Court appoints Pearson, Simon & Warshaw, LLP and Freed Kanner London & Millen LLC as co-lead counsel for the Class.

5. The Court finds that there are seven persons who filed a valid request for exclusion from the Settlement, who are listed in Exhibit A.

6. The Court has fully considered and overrules the sole objection to the Settlement filed by Ms. Alyson Lanier. Because the Court has determined that Ms. Lanier's objection is without merit, it has not determined whether it suffers from procedural deficiencies which would render the objection invalid.

7. The Court hereby dismisses on the merits and with prejudice the claims asserted in this litigation by Plaintiffs against Honest.

8. All Class Members hereby release, relinquish, and discharge the Released Persons from all Released Claims as set forth in the Settlement Agreement.

9. The Court finds that the settlement notice disseminated to the Class was the best notice that was practicable under the circumstances, providing due and adequate notice of these proceedings and of the matters set forth therein, including the proposed resolution set forth in the Settlement Agreement, and fully satisfied the requirements of Rule 23(c)(2) and (e) and due process.

10. The Court finds that the Court appointed Claims Administrator Dahl Administration, LLC has fulfilled its duties in disseminating notice to the Class and processing Class Member claims, objections, and opt-outs consistent with the Settlement Agreement and the Court's Order Granting Preliminary Approval of Class Action Settlement and Provisional Class Certification (Dkt. No. 43). The Court finds that Dahl Administration, LLC is entitled to receive payment in the amount of $219,500 in accordance with the Settlement for its services as a Claims Administrator in this case.

11. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement and any distribution to Class Members pursuant to further orders of this Court; (b) hearing and determining Plaintiffs' application for attorneys' fees, costs, and incentive awards; (c) Honest until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement; and (d) all parties and Class Members for the purpose of enforcing and administering the Settlement Agreement.

12. In the event the settlement does not become effective in accordance with the terms of the Settlement Agreement, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be

returned to their respective positions ex ante.

13. The Court finds, pursuant to Rule 54(a) and (b), that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this judgment as a Final Judgment, as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

IT IS SO ORDERED.

DATED: December 15, 2017

_____
Honorable André Birotte Jr.
United States District Judge

3
JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT A

# EXHIBIT A

## *IN RE: THE HONEST COMPANY, INC., SODIUM LAURYL SULFATE (SLS) MARKETING AND SALES PRACTICES LITIGATION*

1. GENELLE WEITS GARCIA
2. RACHELLE GIULIANI
3. VALERIE VARDARO
4. ADAM KESSEL
5. SUZANA MIJAT
6. STACEY YEAMANS
7. HALLEY WINER